UNITED STATES of America,
Plaintiff-Appellee,

v.

Curtis Edward GREER,
Defendant-Appellant.

No. 80–1898.

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 3, 1981.

Roland E. Dahlin, II, Federal Public Defender, Karen K. Brown, Asst. Public Defender, Houston, Tex., for defendant-appellant.

Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before MARKEY,* Chief Judge, and GEE and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

This appeal occasions an examination of the Sixth Amendment right of a criminal defendant to speedy trial, applying the test established by the Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

Curtis Edward Greer, a convicted felon, was indicted on July 16, 1979, on eight counts of possessing firearms in violation of 18 U.S.C.App. § 1202(a)(1), and arrested on July 25, 1979. Following disposition of defense motions to dismiss and to suppress certain evidence, the case was set for trial on February 11, 1980. Instead of trial, on that day the indictment was dismissed on the government's motion. On April 24,

1980, Greer was re-indicted, again charged, in one count, with violating 18 U.S.C.App. § 1202(a)(1) by possessing 15 firearms, eight of which were included in the earlier indictment, and in a second count for transferring a firearm contrary to 26 U.S.C. §§ 5861(e) and 5871. A motion to dismiss was denied; a motion to suppress the evidence on the second count was granted. Trial, resulting in a guilty verdict on the section 1202(a)(1) charge, commenced on July 7, 1980. Greer contends that the 11¾ month delay between initial indictment and trial violated his Sixth Amendment guarantee of a speedy trial. We disagree and affirm the conviction.

*Barker v. Wingo* provides the tetrad standard against which we must measure the elusive speedy trial perquisite: (1) duration; (2) reason for the delay; (3) defendant's assertion of the right; and (4) prejudice caused by the delay. No one consideration is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial . . . they are related factors and must be considered together with such other circumstances as may be relevant." 407 U.S. at 533, 92 S.Ct. at 2193.

### I. Duration of Delay

■ The constitutional assurance of a speedy trial attaches upon arrest, return of an indictment, or filing of an information, whichever first occurs. *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *United States v. Carter*, 603 F.2d 1204 (5th Cir. 1979). At the threshold, *Barker v. Wingo* requires that the delay from the triggering event to trial must be "presumptively prejudicial," otherwise "there is no necessity for inquiry into the other factors that go into the balance." 407 U.S. at 530, 92 S.Ct. at 2192. *See United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978).

The 11¾ month delay at bar falls between the 10½ month delay not considered presumptively prejudicial in *United States*

* Chief Judge of the U.S. Court of Customs & Patent Appeals, sitting by designation.

v. *Maizumi,* 526 F.2d 848 (5th Cir. 1976), and the 15 month delay considered presumptively prejudicial in *United States v. Avalos,* 541 F.2d 1100 (5th Cir. 1976). Rather than decide summarily that the Greer delay is nearer that experienced in *Maizumi,* and thus pretermit further consideration of Greer's Sixth Amendment assertion, we opt to examine appellant's complaint in light of the three remaining *Barker v. Wingo* factors.

## II. *Reason for Delay*

Greer filed motions to dismiss and to suppress evidence which accounted for a portion of the delay; the district court concluded that just over four months was excusable. Responsibility for seven and one-half months of the delay rests with the government.

In the original indictment, the eight weapons were listed in separate counts. This use of seriatum counts is inconsistent with the ruling in *United States v. Smith,* 591 F.2d 1105 (5th Cir. 1979), decided four months before the first indictment, in which we held "that simultaneous possession of several weapons constitutes only one offense under Section 1202(a)." *Id.* at 1107. The prosecutors inform us that upon learning of our holding in *Smith,* they moved for a dismissal. We find no prosecutorial vindictiveness or bad faith; the scenario was the product of professional inattentiveness. An unintentional delay, one attributable to negligence, is to be weighed "less heavily" against the government. *Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. at 2192; *Avalos, supra.* Nevertheless, the responsibility rests with the prosecution to justify the delay, for which it assigns two reasons: newly discovered evidence and a change in the law. The record does not support the prosecution's explanation.

## III. *Defendant's Assertion of Right*

The third factor relates to the defendant's action or inaction in asserting his right to a speedy trial. Greer moved for dismissal asserting speedy trial failure on the day the government moved to dismiss the first indictment. This portion of the test is also met.

## IV. *Prejudice*

The final element in the *Barker v. Wingo* formula, prejudice, is the most difficult to evaluate qualitatively and quantitatively. The Supreme Court identified three interests which the speedy trial right is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." 407 U.S. at 532, 92 S.Ct. at 2193. *See United States v. Noll,* 600 F.2d 1123 (5th Cir. 1979).

Greer complains of incarceration for seven months prior to dismissal of the first indictment. When indicted, Greer was on bond pending appeal of a state felony conviction, a conviction affirmed shortly after the indictment was dismissed. *Greer v. State,* 595 S.W.2d 871 (Tex.Cr.App.1980). After arraignment on federal charges he was released on bail; however, state authorities revoked his post-conviction bail. The incarceration of which Greer complains was in a state facility, as a consequence of a state criminal proceeding. We find very little in the record about this state confinement, but that which we do find convinces us that this is not the type of oppressive pretrial incarceration contemplated in *Barker v. Wingo.*

Greer claims that the delay hampered the presentation of his defense, a claim based on the fact that the father of Greer's principal witness died the day before the witness was called to testify. Greer contends that his witness was visibly upset and under great stress, a condition which adversely affected his ability to testify. Greer suggests that this witness had a loss of memory. The witness testified about many material facts. We find no credible basis for the conclusion that the witness's distress at the death of his father

caused a memory loss regarding any significant matter or that the jury was adversely affected by his emotional appearance. The trial judge informed the jury of the witness's personal loss. We find nothing to suggest that the jury had anything other than sympathy for the witness. We do not find the prejudice required to sustain Greer's claim.

We presume for purposes of this speedy trial analysis that the delay was presumptively prejudicial, and we find that government counsel were at fault for a substantial portion of the delay and that Greer timely asserted his right to a speedy trial. We are not persuaded that Greer demonstrated the prejudice required. In *Barker v. Wingo*, the Supreme Court rejected any hard and fast rules regarding the speedy trial guarantee; no constitutional basis exists "for holding that the speedy trial right can be quantified into a specified number of days or months." 407 U.S. at 523, 92 S.Ct. at 2188. The weighing and balancing we must do cannot be precise; we can only approximate. In this case, we are not convinced that Greer was denied his Sixth Amendment right to a speedy trial.

█ Greer also contends that the trial judge erred in not granting a continuance or a mistrial because of the death of the witness's father. We find no abuse of discretion by the trial judge in these rulings. *United States v. Albert*, 595 F.2d 283 (5th Cir. 1979).

The district court is AFFIRMED.