**Eugene HOLLINES, Petitioner,**

v.

**W.J. ESTELLE, et al., Respondents.**

**Civ. A. No. W–81–CA–21.**

United States District Court, W.D. Texas, Waco Division.

Feb. 4, 1983.

On Denial of Motion for New Trial March 8, 1983.

**150**

William P. Allison, Lynch, Zimmerman, White & Allison, Austin, Tex., for petitioner.

Joe Foy, Jr., Asst. Atty. Gen., Austin, Tex., for respondents.

## MEMORANDUM OPINION AND ORDER

NOWLIN, District Judge.

Before the Court is a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, § 2254. This cause was originally referred to the Honorable Roy Rutland, United States Magistrate, for findings and recommendations pursuant to Title 28, United States Code, § 636(b)(1)(B) and Local Rules 1(e) and 4(b) of Appendix C of the Order of the Judges of the Western District of Texas revised March 1, 1982, as pertaining to the powers and duties of United States Magistrates. Subsequently, by Order of this Court dated February 10, 1982, the reference of this cause to the above-named United States Magistrate was vacated in order that all further proceedings herein might be held directly by this Court. After an evidentiary hearing on Petitioner's claims held by this Court on April 28, 1982, and a thorough review of the Petition for Writ of Habeas Corpus, Respondent's combined Motion to Dismiss and Original Answer, and Post-Trial Brief, Petitioner's Memorandum of Law, and the records of state proceedings on file in this cause, the Court now enters the following Memorandum Opinion and Order DENYING Respondent's Motion to Dismiss and GRANTING IN PART AND DENYING IN PART Petitioner's Application for Writ of Habeas Corpus.

## I. HISTORY OF THE CASE

Petitioner is in the custody of the Texas Department of Corrections pursuant to the judgment and sentence of the 54th Judicial District Court of McLennan County, Texas, entered after Petitioner's jury trial in that Court on December 9, 1975, finding Petitioner guilty of possession of heroin and being an habitual criminal. Petitioner was sentenced to life imprisonment in the custody of the Texas Department of Corrections. The conviction was appealed, by counsel appointed for Petitioner, and thereafter affirmed by the Texas Court of Criminal Appeals in a per curiam opinion dated September 20, 1978.

The writ presently before the Court is Petitioner's seventh application for post-conviction writ of habeas corpus. The Petitioner's first state writ of habeas corpus petition was filed in the Texas Court of Criminal Appeals in March, 1976, and denied on March 31, 1976, because the direct appeal was still pending. A second state writ petition was filed with the Court of Criminal Appeals in August, 1976, and was denied on October 6, 1976, for the same reason. Subsequent to the affirmation of Petitioner's conviction on direct appeal, a third state writ petition was filed with the Court of Criminal Appeals in February, 1979, and was denied on April 18, 1979, without a hearing, upon the findings of the trial court.

Petitioner's fourth petition for writ of habeas corpus, filed in this Court on May 11, 1979, was later dismissed without prejudice on May 8, 1980, by Judge Philip Sanders, United States Magistrate, in order that Petitioner have the opportunity to fully exhaust his state remedies as to all of his claims.

Petitioner's fifth state writ was filed in the 54th Judicial District Court for McLennan County, Texas on October 6, 1980, and was thereafter denied, upon written order, on November 10, 1980.

The sixth and final state writ petition was filed by Petitioner in late fall, 1980, in the Court of Criminal Appeals and denied,

without written opinion, on November 26, 1980.

## II. PETITIONER'S CASE FOR RELIEF

In the Petition for Writ of Habeas Corpus pursuant to 28 United States Code § 2254 presently before this Court, Petitioner raises four grounds for relief: (1) that he was denied the right to a speedy trial because the prosecution deliberately waited eight months after his arrest to procure an indictment, causing him to be tried twelve months after arrest, knowing that in the intervening period police car activity logs material to his defense would be routinely destroyed; (2) that he was denied the right to due process of law because the prosecution deliberately waited eight months after his arrest to procure an indictment knowing that in the intervening period police car activity logs material to his defense would be routinely destroyed and unavailable at trial; (3) that there was insufficient admissible evidence adduced at trial to support his narcotics possession conviction; and (4) that he was denied the right to effective assistance of counsel owing to the incompetent defense mounted in his behalf at trial by his retained attorney.

## III. EXHAUSTION OF STATE REMEDIES

■ The Court finds that Petitioner has presented to the courts of the State of Texas each of the four grounds listed above. While the Court is unable to determine the precise ruling by a state court on each of the grounds asserted because Petitioner's state applications for writ of habeas corpus were denied without any discussion on the merits, the Court concludes that Petitioner has exhausted his state remedies as required by Title 28, United States Code, § 2254(b) and (c).

■ As to grounds one, two and three, Petitioner's Petition for Writ of Habeas Corpus raises no issues of fact that have not already been established before the state courts with the result that this Court finds that, as to these three grounds, no further evidentiary hearings are required to supplement the record established in the state courts. *U.S. v. Duzac*, 622 F.2d 911, 916 (5th Cir.1980); 28 U.S.C., § 2254(d); Rule 8, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's fourth ground with respect to ineffective assistance of counsel did raise issues of fact which were not fully and fairly established before the state courts and this Court therefore deemed it necessary to hold an evidentiary hearing on this matter on April 28, 1982. *Guice v. Fortenberry*, 661 F.2d 496, 500 (5th Cir.1981); 28 United States Code § 2254(d); Rule 8, Rules Governing Section 2254 Cases in the United States District Courts. All relevant facts having been established, this Court finds that it is now in a position to properly rule on Petitioner's Application for Writ of Habeas Corpus without further evidentiary hearings.

## IV. DISCUSSION

### A. *Sixth Amendment Speedy Trial Claim*

■ As his first ground for relief Petitioner asserts that his 6th Amendment right to a speedy trial was violated because the prosecution deliberately waited eight months to seek an indictment against him allegedly in order to allow the destruction of Daily Accounting Log sheets (DEA records), i.e., the records establishing daily custody and activity of all tactical police cars and containing evidence relevant to Petitioner's defense, which were routinely destroyed every six months pursuant to the administrative policy of the Waco Police Department. The Court finds that Petitioner's challenge on this ground is without merit.

In his writ application, Petitioner urges that the relevant period to consider for the determination of the alleged violation of his right to speedy trial is the 12 month period between his arrest on November 27, 1974 on a charge of illegal possession of heroin, and his trial for illegal possession of heroin, on November 28, 1975, pursuant to an indictment for the same offense issued on July 29, 1975.

■ The Supreme Court has established that the Sixth Amendment right to a speedy trial is enforceable against the States by virtue of the Fourteenth Amendment. *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). The Sixth Amendment right to a speedy trial is not primarily intended to prevent prejudice to the defense caused by passage of time since that interest is protected primarily by the Due Process Clause and by statutes of limitation. *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). For the purposes of applying the requisite speedy trial test of *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the date of arrest constitutes the initiation of prosecution or accusation, commencing the period relevant to the right to a speedy trial, regardless of whether a formal indictment has been returned. *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Greer,* 655 F.2d 51 (5th Cir.1981); *United States v. Avalos,* 541 F.2d 1100 (5th Cir. 1976) cert. denied, 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977). The 12 month time period which Petitioner urges as the relevant period for the determination of any Sixth Amendment violation is, then, correct under the rule set forth in the authority cited above.

■ In *Barker, supra,* the Supreme Court established a balancing test which analyzes speedy trial claims on an *ad hoc* basis employing a criteria composed of four factors: (1) Length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker, supra; Jamerson v. Estelle,* 666 F.2d 241 (5th Cir.1982); *Greer, supra; Avalos, supra.* The threshold consideration in deciding whether the test applies is whether the delay is of sufficient length to be deemed "presumptively prejudicial;" if it is not, the other factors need not be reached and Petitioner's speedy trial claim must be denied. *Barker, supra; Jamerson, supra; Greer, supra; United States v. Walters,* 591 F.2d 1195 (5th Cir.1979), *cert. denied,* 442

U.S. 945, 99 S.Ct. 2892, 61 L.Ed.2d 317 (1980). While *Barker, supra,* established no specific guidelines by which to evaluate the constitutionality of a delay, the Fifth Circuit in recent cases under § 2254 has found "presumptively prejudicial" delays of 11¾ months in *Greer, supra,* 15 months in *Avalos, supra,* 16 months in *United States v. Carter,* 603 F.2d 1204 (5th Cir.1979), and 21 months in *United States v. Edwards,* 577 F.2d 883 (5th Cir.1978) (*en banc*). In contrast, a 10½ month delay has been deemed by the Fifth Circuit not to be "presumptively prejudicial." *United States v. Maizumi,* 526 F.2d 848 (5th Cir.1976). Whether or not, under the circumstances of this case, a 12 month delay is "presumptively prejudicial," out of an abundance of caution, this Court will assume it is and proceed to examine Petitioner's speedy trial complaint in light of the three remaining factors mandated by *Barker, supra.*

■ The reason for the delay in the Petitioner's being brought to trial is not clear from the record. Further, this Court can find no evidence in the state habeas proceedings, nor was any adduced in the evidentiary hearing before this Court, to lend credence to Petitioner's claim that the state prosecutor deliberately delayed seeking an indictment for 8 months in order to allow police car activity reports, material to Petitioner's defense, to be routinely destroyed. Moreover, pre-indictment delay, insofar as it may entail prejudice to a defendant, is protected not by the Sixth Amendment but by the Due Process Clause of the Fourteenth Amendment. *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *Marion, supra; United States v. Townley,* 665 F.2d 579 (5th Cir.1982). Even if it be assumed that a preindictment delay will necessarily affect the length of the period between accusation and trial and therefore figure in the calculus of a speedy trial claim, nevertheless, this Court is unable to find any evidence in the record which would demonstrate a deliberate attempt on the part of the state to gain a tactical advantage or frustrate Petitioner's defense. The state may have been

negligent in delaying the prosecution of the Petitioner, and if so, this is a factor to be weighed lightly against the state in the *Barker* balancing test. *Barker, supra; Greer, supra.* However, in this case, the record does not reveal, nor has Petitioner adduced any evidence to prove, that the state was negligent in its duty to bring him speedily to trial. Therefore, this Court must assign a neutral value to this part of the balancing test.

▆ The third prong of the *Barker* test involves a consideration of whether and when the Petitioner asserted his right to a speedy trial at the state level. *Barker, supra; Jamerson, supra.* Petitioner effectively failed to assert his right to a speedy trial by waiting until the day of the trial to raise it. In addition, in the evidentiary hearing before this Court, Petitioner failed to discuss or present any evidence relevant to his speedy trial claim. In *Barker,* the Supreme Court accorded substantial significance to whether or not defendant asserts his right to a speedy trial:

> The defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.

*Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 2193, 33 L.Ed.2d 101 (1972). Petitioner's silence, with respect to his Sixth Amendment right, prior to trial and at the federal evidentiary hearing, must be weighed in favor of the state. *Carter, supra; Edwards, supra; United States v. Garza,* 547 F.2d 1234 (5th Cir.1977).

The final element of the *Barker* test, prejudice, has been said to be the most difficult to evaluate qualitatively and quantitatively. *Greer, supra.* According to *Barker,* 407 U.S. at 533, 92 S.Ct. at 2193, prejudice ought to be assessed in light of the defendant's interests which the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *See also Greer,* 655 F.2d at 53; *United States v. Noll,* 600 F.2d 1123 (5th Cir.1979).

▆ Petitioner does not complain of nor does the record reflect any instance of oppressive pretrial incarceration or undue anxiety and concern of the accused in this case. The Court therefore finds that in this instance these two interests have not been violated so as to be a cause of prejudice to Petitioner's case.

▆ The Court has been particularly careful in its consideration of whether Petitioner's defense was impaired by the delay in question inasmuch as this is the principal basis for his speedy trial claim. The record leaves no doubt that the police car activity sheets, covering the custody and activity of the police unit in which Petitioner was detained and later transported to the station, were routinely destroyed six months after their creation. The periodic destruction of these activity sheets occurred pursuant to a pre-existing uniform and reasonable policy of the Waco Police Department predicated on an acute shortage of space in which to store the rapid accumulations of documents of this nature. While it is possible that their absence might have prejudiced Petitioner's defense, the record does not support such a conclusion. Petitioner has made no showing that the evidence contained in these activity sheets would have in any way been exculpatory. Indeed, the testimony of the police officers who drove the particular police unit during consecutive shifts on the day in question and whose activities were covered by these records, furnished inculpatory evidence which Petitioner failed to rebut either as to the law or the facts. While from an evidentiary standpoint this was admittedly a purely circumstantial case, this Court finds on the basis of the evidence in the record that no substantial prejudicial effect on Petitioner's defense resulted from the absence of these activity sheets.

After weighing all four elements of the *Barker* test as they are revealed in the record of this case, this Court finds that the

balance tips in favor of the state and, accordingly, DENIES Petitioner's Sixth Amendment speedy trial claim.

### B. Fourteenth Amendment Pre-Indictment Delay Claim

Petitioner urges a further claim that his constitutional rights were violated by the state's allegedly deliberate eight month delay in seeking an indictment on the charge of possession of a controlled substance following his arrest. For the reasons about to be discussed, the Court finds that Petitioner's claim on this ground is without merit.

It is well settled that a defendant's constitutional rights after arrest and prior to indictment are protected solely by the Due Process Clause of the Fourteenth Amendment. Lovasco, 431 U.S. at 788; 97 S.Ct. at 2048; Marion, 404 U.S. at 325; 92 S.Ct. at 465; United States v. Wehling, 676 F.2d 1053 (5th Cir.1982); United States v. Townley, 665 F.2d 579 (5th Cir.1982); United States v. Ramos, 586 F.2d 1078 (5th Cir.1978); United States v. Edwards, 577 F.2d 883 (5th Cir.1978) (en banc). In the Fifth Circuit, following Lovasco, supra, and Marion, supra, the evaluation of an asserted due process violation based on a pre-indictment delay requires balancing the reasons for delay against the prejudice to the accused. Townley, supra, 665 F.2d at 581; United States v. West, 568 F.2d 365 at 367 (5th Cir.1978). The accused bears the burden of proving the prejudice to his defense and if the threshold requirement of proof of actual prejudice is not met, the inquiry ends there. Townley, supra, 665 F.2d at 581–82.

In this case, for the reasons discussed above in the consideration of Petitioner's speedy trial claim, the Petitioner has failed to meet his burden of proving the threshold requirement of actual prejudice making the application of the Lovasco and Marion balancing test unnecessary. Furthermore, it is significant in this regard that Petitioner neither raised this claim nor presented evidence supporting it during the evidentiary hearing held before this Court. For the foregoing reasons, this Court finds that Petitioner's Fourteenth Amendment claim as to the pre-indictment delay is without merit and must be DENIED.

### C. Fourteenth Amendment Insufficiency of the Evidence Claim

Petitioner asserts as his third claim that he was deprived of his right to due process under the Fourteenth Amendment because there was insufficient evidence to support his conviction. After careful consideration the Court concludes that Petitioner's third claim is, likewise, without merit.

The standard of review granting a habeas corpus claim in a case such as this is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt the essential elements necessary to support a conviction for possession of heroin under Texas law. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); French v. Estelle, 692 F.2d 1021 (5th Cir. Dec. 6, 1982); Tyler v. Phelps, 643 F.2d 1095 (5th Cir.1981); Harris v. Blackburn, 646 F.2d 904 (5th Cir.1981). Under the Fifth Circuit holding in Holloway v. McElroy, 632 F.2d 605 (5th Cir.1980), the Jackson standard may be applied retroactively to Petitioner's conviction although he was tried in 1975. See also Tyler, supra, 643 F.2d at 1102. Petitioner correctly states that no heroin was found on his person and that no direct evidence was adduced by the state linking him with the heroin packets found in the patrol car twenty-two hours later. However, extensive testimony by the two officers who had custody of the patrol car during the period in question offered circumstantial proof that the heroin must have been left in the patrol car by Petitioner sometime during the ten minutes he was detained therein following his arrest for possession of an illegal weapon, or during the subsequent two minute ride to the police station. The superior of these two officers testified to the contents of the destroyed activity log sheets which he subsequently checked in order to determine if any other person, either an arrested suspect or another squad member, could have been

in the patrol car during their shifts or in the car's inactive period in between. His testimony, based on a review of the activity sheets, established that no other person rode in the back of the squad car during their shifts, and that the locked squad car's keys had not been checked out during its normal idle period between shifts. On the authority of *Lumpkin v. State,* 524 S.W.2d 302 at 305 (Tex.Cr.App.1975), the leading case at the time of Petitioner's trial, the supervisor's testimony as to the contents of the destroyed log sheets, that he had earlier examined, was not hearsay and was properly admissible to establish chain of custody. Additional circumstantial evidence presented to the jury included a detailed explanation of the customary close supervision of access exercised by the Waco Police Department over special tactical squad cars, like the one in question, and an explanation, by the officer who found the heroin, of the routine search procedure he employed before his daily shift to determine if any contraband had been left in the patrol car during the prior shift. Therefore, this Court is unable to find that on the record evidence adduced at trial no trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson, supra; French, supra.* Accordingly, Petitioner's claim of deprivation of due process for lack of insufficient evidence to support his conviction is DENIED.

### D. *Sixth Amendment Ineffective Assistance of Counsel Claim*

Petitioner asserts as his fourth claim that he was deprived of his Sixth Amendment right to effective assistance of counsel owing to the incompetent performance of the now deceased attorney who represented him on retainer at trial and by appointment on appeal. The Court regards this as Petitioner's sole meritorious claim.

 The Sixth Amendment, made applicable to the states through the Fourteenth Amendment, precludes the state from conducting trials at which defendants must defend themselves without benefit of competent counsel. *Cuyler v. Sullivan,* 446

U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *Daniels v. Maggio,* 669 F.2d 1075 (5th Cir.1982). In the Fifth Circuit, the general standard for constitutionally effective assistance of counsel is "not errorless counsel, and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance." *Washington v. Strickland,* 693 F.2d 1243 at 1250 (5th Cir.1982) (*en banc*); *Daniel v. Maggio, supra; Herring v. Estelle,* 491 F.2d 125 at 127 (5th Cir.1974); *all quoting MacKenna v. Ellis,* 280 F.2d 592 at 599 (5th Cir.1960), *adhered to in pertinent part on rehearing en banc,* 289 F.2d 928 (5th Cir.), *cert. denied,* 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). The established methodology for determining whether there has been reasonably effective assistance rendered entails a thorough inquiry into the actual performance of counsel as revealed by the totality of circumstances in the entire record. *Washington v. Strickland, supra,* at 1250; *Washington v. Estelle,* 648 F.2d 276 at 279 (5th Cir.1981); *Lovett v. Florida,* 627 F.2d 706 (5th Cir.1980). The standard for effectiveness does not vary in accordance with whether counsel was retained or appointed. *Cuyler,* 446 U.S. at 344–45; 100 S.Ct. at 1716; *Washington v. Watkins,* 655 F.2d 1346 at 1355 (5th Cir. 1981), *cert. denied,* 456 U.S. 949, 102 S.Ct. 2021, 72 L.Ed.2d 474 (1982).

 The general Fifth Circuit standard for effective assistance of counsel established in *MacKenna, supra,* has recently been refined to require that Petitioner first establish, by sufficient factual proof, actual ineffective assistance of counsel, defined as an identifiable lapse on the part of trial counsel, and, second, establish some degree of prejudice, that is, actual adverse impact, to the fairness of his trial resulting from that lapse. *Daniels v. Maggio, supra,* at 1077; *Boyd v. Estelle,* 661 F.2d 388 (5th Cir.1981); *Washington v. Watkins, supra.* In applying this two pronged test, this Circuit now requires that the District Court make the initial determination of whether defendant suffered ineffective assistance of counsel without considering whether de-

fendant was prejudiced thereby. *Washington v. Strickland, supra,* 693 F.2d 1243 at 1258. If the initial analysis establishes an instance of ineffective assistance, the Court must then proceed to determine if Petitioner has met his burden of demonstrating that prejudice to his case resulted therefrom and the prejudice worked both to his actual and substantial disadvantage. *United States v. Frady,* 456 U.S. 152, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Washington v. Strickland, supra,* 693 F.2d 1243 at 1258. If Petitioner successfully satisfies this burden, the writ must be granted unless the state proves that counsel's ineffectiveness was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Washington v. Strickland, supra,* 693 F.2d 1243 at 1258. With these rules in mind the Court now proceeds to examine Petitioner's trial counsel's professional conduct before and at trial.

At the evidentiary hearing before this Court, Petitioner put on as an expert witness, for the purposes of evaluating trial counsel's performance, a board certified criminal defense attorney who had practiced for a number of years prior to the time period relevant to Petitioner's trial, and who was then and is currently a professor of criminal procedure at the University of Texas School of Law. The State produced no rebuttal expert nor other rebuttal evidence at this evidentiary hearing.

After carefully reviewing the record of the state proceedings and the evidence adduced at the hearing before this Court on Petitioner's ineffective assistance of counsel claim, the Court cannot avoid the conclusion that Petitioner's counsel committed a number of fundamental procedural errors which are clearly inconsistent with effective assistance of counsel in a criminal trial of this nature. Specifically, the record shows that counsel failed to communicate or discuss the case with Petitioner, to conduct discovery, to interview witnesses, or to conduct any discernable investigation, prior to the trial. Further, counsel made his sole pretrial motion to suppress evidence the very day the trial was to commence. Relevant to the motion to suppress, counsel failed to raise the normal *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) Fourth Amendment argument for exclusion of evidence challenging the sufficiency of the informant's tip—this argument being a fundamental element of a criminal defense in a narcotics possession trial such as this. Counsel failed to file other motions likewise considered fundamental to the competent conduct of a criminal defense: a motion to quash the indictment under Chapter 21 of the Texas Code of Criminal Procedure; a motion for discovery; a motion to produce exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and a motion for a speedy trial.

At trial the record reflects that Petitioner's counsel failed to object, and object correctly, to the admission of incompetent and damaging evidence on numerous occasions. Further, even though he objected to the admission of such critical matters as the hearsay evidence which formed the basis for probable cause and the prosecutor's clear insinuation that Petitioner was selling heroin, he failed to properly preserve error on these points by securing either an adverse ruling or moving for a mistrial. Counsel failed to make a proper "best evidence" objection to the introduction of crucial inculpatory evidence based on the police car activity log sheets which had been destroyed before trial and whose contents allowed the prosecutor to circumstantially link the heroin later found in the patrol car to the Petitioner.

In considering counsel's conduct in the totality of the circumstances on the record, this Court must further note the following lapses by Petitioner's counsel. Because counsel waited until the day of the trial to conduct his suppression hearing, no transcript of it was available to aid in his preparation for trial with the result that his direct and cross examinations suffered noticeably. Counsel failed to file a bill of exceptions though he represented that he

would, it was justified and the trial judge had invited him to do so. Until the trial was almost concluded, it apparently did not occur to counsel to invoke the rule against witnesses. Neither *voir dire* nor final argument was requested to be recorded by counsel although the expert testified that this is typically done in criminal trials. Finally, in this trial where defendant was eligible for a life sentence upon conviction as an habitual criminal, counsel presented no argument nor evidence for mitigation at the punishment phase.

At the evidentiary hearing before this Court, Petitioner called as a reputation witness a criminal attorney who was raised in Waco, graduated from Baylor Law School, who had practiced for several years in Waco and knew Petitioner's counsel. His testimony established that trial counsel had a poor reputation as a criminal defense lawyer in the Waco legal community. The state offered no reputation witness of its own nor other evidence to rebut this reputation testimony.

■ The record demonstrates that Petitioner's trial counsel simply failed to conduct a reasonable amount of pretrial investigation. *Washington v. Strickland, supra,* 693 F.2d 1243 at 1251; *Washington v. Watkins, supra,* 655 F.2d at 1355–56. Trial counsel here failed to interview, prior to trial, the only witness called to testify in Petitioner's behalf, not to mention the fact that he failed to interview the Petitioner, conduct discovery into such critical matters as the existence of the squad car activity sheets, or schedule the pretrial hearing on the motion to suppress a reasonable time before trial. This is not a case where counsel did not choose, strategically or otherwise, to pursue one line of defense over another. Rather, counsel here clearly abdicated his responsibility to effectively advocate his client's cause. *Washington v. Strickland, supra,* 693 F.2d at 1252; *see also Beavers v. Balkcom,* 636 F.2d 114 (5th Cir. 1981); *Gaines v. Hopper,* 575 F.2d 1147 (5th Cir.1978); *Gomez v. Beto,* 462 F.2d 596 (5th Cir.1972). This circuit has now established that trial strategy can never include the

failure to conduct a reasonably substantial investigation into at least one of a defendant's plausible lines of defense. *Washington v. Strickland, supra,* 693 F.2d at 1252; *see also Ewing v. Williams,* 596 F.2d 391 (9th Cir.1979). Therefore, the Court must conclude that Petitioner's trial counsel's pretrial assistance was manifestly ineffective.

■ The numerous fundamental procedural omissions of counsel coupled with his evident lack of familiarity with the facts of this case indicate a lack of the amount of preparation and degree of skill reasonably required of counsel in a criminal trial. *Kemp v. Leggett,* 635 F.2d 453 at 454 (5th Cir.1981); *see also Dyer v. Crisp,* 613 F.2d 275 at 277 (10th Cir.1980). Viewing counsel's performance over the course of the trial, in light of the experience of the Court and the analysis offered by Petitioner's expert in criminal procedure, the Court cannot discern that it conforms to the general pattern of a rational trial strategy. *Washington v. Strickland, supra,* 693 F.2d 1243 at 1258; *Baty v. Balkcom,* 661 F.2d 391 at 395 (5th Cir.1981); *Nero v. Blackburn,* 597 F.2d 991 (5th Cir.1979). Therefore, based on a review of the totality of the circumstances, including his reputation as a criminal defense attorney and the specific lapses in his performance before and at trial, this Court is unable to find that counsel was likely to render and in fact rendered effective assistance to the Petitioner. *Washington v. Strickland, supra,* 693 F.2d 1243 at 1250; *Daniel v. Maggio, supra,* 669 F.2d 1075; *Herring v. Estelle, supra,* 491 F.2d 125. Having found in this case a violation of Petitioner's Sixth Amendment right to effective assistance of counsel, the Court must now determine whether Petitioner suffered actual and substantial detriment to the conduct of his defense. *United States v. Frady, supra,* 102 S.Ct. at 1596; *Washington v. Strickland, supra,* 693 F.2d at 1263–64.

■ Trial Counsel's serious and fundamental procedural omissions, such as his failure to move for production of any *Brady* materials in the hands of the prosecution, to

object to the introduction of the informant's hearsay evidence that Petitioner had a gun and heroin on his person, or to preserve error when the prosecution suggested in front of the jury that Petitioner was selling heroin, were clearly prejudicial to Petitioner's defense. Further, perhaps the most prejudicial yet irrelevant evidence revealed at trial, i.e., the fact that Petitioner had at some time in the past possessed heroin, was elicited directly by trial counsel from Petitioner's sole witness whom counsel had failed to interview prior to trial. In light of these circumstances, this Court is compelled to concede that the ineffectiveness of counsel here resulted in actual and substantial disadvantage to the course of Petitioner's defense. *Frady, supra,* 102 S.Ct. at 1596; *Washington v. Strickland, supra,* 693 F.2d at 1262.

■ The state has not met its burden of showing that the actual and substantial disadvantage suffered by Petitioner in this case was harmless. *See, Chapman v. California,* 386 U.S. 18 at 24, 87 S.Ct. 824 at 828 (1967); *Washington v. Strickland, supra,* 693 F.2d at 1262. Indeed, at the evidentiary hearing before this Court, the state adduced no evidence on the issue of ineffective assistance to rebut that offered by Petitioner. Moreover, the record itself does not support the conclusion that, in the context of all the evidence, it remains certain beyond a reasonable doubt that the outcome of the proceedings would not have been altered but for the ineffectiveness of counsel. *See Chapman, supra,* 386 U.S. at 24, 87 S.Ct. at 828; *Washington v. Strickland, supra,* 693 F.2d at 1262. In light of the foregoing, this Court is compelled to grant Petitioner the writ he seeks.

## V. MOTION TO DISMISS

■ The Court has given careful consideration to the State's Motion to Dismiss under Rule 9(a), 28 U.S.C. foll. § 2254 premised on Petitioner's alleged unreasonable delay in filing this federal petition and the alleged resulting prejudice to it owing to trial counsel's death prior to the filing. In the Fifth Circuit, a federal district court may only dismiss a petition under Rule 9(a) if the state shows: (1) that Petitioner delayed in filing his petition; (2) that the state suffered particular prejudice; and (3) that the prejudice was caused by Petitioner's delay. *McDonnell v. Estelle,* 666 F.2d 246 at 251 (5th Cir.1982); *Baxter v. Estelle,* 614 F.2d 1030 (5th Cir.1980); *Paprskar v. Estelle,* 612 F.2d 1003 (5th Cir.1980) *cert. denied,* 449 U.S. 885, 101 S.Ct. 239, 66 L.Ed.2d 111 (1980); *United States ex rel. Barksdale v. Blackburn,* 610 F.2d 253, (5th Cir.1980), *vacated on other grounds,* 639 F.2d 1115 (5th Cir.1981).

■ In the instant case, Petitioner has been diligent in pursuing his opportunities for habeas corpus relief both in the state and federal courts. True, his ineffective assistance of counsel claim was added only in his original federal habeas petition, but it was filed in May, 1979, six months before the death of Petitioner's trial counsel. This Court is therefore unable to find that Petitioner has delayed unreasonably in the filing of his petition. *See Mayola v. State of Alabama,* 623 F.2d 992 (5th Cir.1980). The State argues that it has suffered particular prejudice owing to the death of Petitioner's trial counsel. If the record of the trial was incomplete or no longer extant, this Court would find the State's argument compelling, but a comprehensive record is before the Court. Trial counsel's conduct at pretrial and trial is well documented and was evaluated by a board certified criminal attorney of excellent reputation, with many years trial experience, from the standpoint of the case law and generally accepted criminal defense procedures in use in 1975. This is not a case analogous to *Garrett v. Maggio,* 685 F.2d 158 at 160 (5th Cir.1982), where trial counsel had died and no record was extant. Accordingly, while the State in this instance may have been prejudiced to some degree, the Court is unable to conclude that it was substantially prejudiced. More importantly, since Petitioner filed his federal petition alleging, *inter alia,* ineffective assistance of counsel six months prior to trial counsel's death, the state had sufficient notice and, therefore, a responsibility

to diligently discover whatever evidence trial counsel possessed and to depose him if it appeared his death was imminent. The record does not reflect that the State made any attempt to preserve such evidence. Considering the State's negligence in this regard, this Court is unable to find that Petitioner's alleged delay in filing was the principal cause of prejudice to the State.

For the reasons set forth immediately above, it is therefore ORDERED that Respondent's Motion to Dismiss is hereby in all things DENIED.

## VI. ORDER

For the reasons set forth above, it is hereby ORDERED that the instant petition for habeas corpus relief is GRANTED IN PART with respect to Petitioner's claim of ineffective assistance of counsel and DENIED IN PART with respect to Petitioner's three other claims. It is further ORDERED that the State of Texas shall determine within 90 days from the date this order is filed whether (1) to retry Petitioner, in the manner provided by state statute, or (2) to release him from its custody. It is further ORDERED that the State of Texas shall inform this Court within 90 days from the date this order is filed which of the above courses of action it has elected to take.

## ON MOTION FOR NEW TRIAL

Came on to be considered this day Respondent's Motion for New Trial in the above styled and numbered case. On the basis of Respondent's vociferous objections to the Court's opinion, the Court has undertaken a *de novo* review of the record in this cause but is of the view that Respondent's motion is without merit and must be DENIED.

The Court would note that its statement on page 158 of its opinion, viz., "True, his ineffective assistance of counsel claim was added only in his original federal habeas petition, but was filed in May, 1979, six months before the death of Petitioner's trial counsel," is incorrect and resulted from an inadvertent misstatement in Petitioner's most recent habeas corpus petition filed in this Court. Based on the Court's *de novo* review of the record, the following factually accurate statement should be substituted for the above incorrect statement:

His ineffective assistance of counsel claim was added only in his second state court habeas petition but it was filed in August of 1976, more than three years before the death of Petitioner's trial counsel.

Also as a result of the inadvertent misstatement in Petitioner's most recent habeas petition filed in this Court, the statement in the Court's opinion at page 158, viz., "More importantly, since Petitioner filed his federal petition alleging, *inter alia*, ineffective assistance of counsel six months' prior to trial counsel's death, the state had sufficient notice and, therefore, a responsibility to diligently discover whatever evidence trial counsel possessed and to depose him if his death appeared imminent," is incorrect. Again, based on the Court's *de novo* review of the record, the following factually correct statement should be substituted for the above incorrect statement:

More importantly, since Petitioner filed his second state writ petition alleging, *inter alia*, ineffective assistance of counsel more than three years before the death of his trial counsel, the State had sufficient notice and, therefore, a responsibility to diligently discover whatever evidence trial counsel possessed and to depose him if necessary.

The fact that the State was on notice three years before trial counsel's death that Petitioner had raised, and would likely raise in the future, a claim of ineffective assistance of counsel, only serves to reinforce the Court's view that Petitioner's alleged delay was not the principal cause of prejudice to the State and that Respondent's Motion to Dismiss was properly denied. *See*, e.g., *McDonnell v. Estelle*, 666 F.2d 246, 251 (5th Cir.1982).

In its *de novo* review of the record occasioned by Respondent's Motion for New Trial, the Court has carefully considered Respondent's objections to the Court's opinion but is still unable to find that in the totality

of the circumstances Petitioner's trial counsel was likely to render and in fact rendered effective assistance of counsel, that trial counsel's ineffectiveness did not cause substantial disadvantage to Petitioner's case or that the substantial disadvantage suffered by Petitioner was harmless. Accordingly, the Court concludes that the interests of justice in this cause would not be served by the granting of a new trial.

It is therefore ORDERED that Respondent's Motion for New Trial is, hereby, in all things DENIED.