**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-31114
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EUGENE FREDRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-225-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.
PER CURIAM:[*]

Eugene Fredrick appeals his conviction and 150-month sentence for distribution of five or more grams of cocaine base. He argues that the district court erred in failing to dismiss the indictment based on a Sixth Amendment violation of the right to a speedy trial. We AFFIRM.

Fredrick was initially indicted for the offense on February 2, 2006. He was charged under 21 U.S.C. § 841(a)(1). The indictment remained sealed until September 14, 2006, but it was read in open court at Fredrick's August 28

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arraignment. Trial was set for November 20, 2006. On November 14, the district court dismissed Fredrick's case without prejudice because there were more than seventy days between the reading of the indictment in open court (but not from the later unsealing) and the November 20 trial date. The court found that informing Fredrick at the arraignment began the Speedy Trial Act calendar, not the unsealing of the indictment. *See* 18 U.S.C. § 3164.

Fredrick was re-indicted on November 29, 2006. On January 16, 2007, after his initial appearance, he filed a motion to dismiss the indictment based on a violation of his Sixth Amendment right to a speedy trial. He contended that both pre-indictment and post-indictment delays prejudiced his defense. The district court took the motion under advisement. The trial was initially set without objection for May 14, 2007. In April 2007, the government filed a motion to authenticate recordings of a confidential informant's conversations, and Fredrick filed a motion to disclose the informant's identity. The district court denied the government's motion, and re-set the trial for September 26, 2007.

The district court granted Fredrick's motion to disclose the informant's identity on September 17, 2007, and the case proceeded to trial on September 26. A jury found Fredrick guilty of the charges, and a judgment on the verdict was entered.

The district court addressed Fredrick's motion to dismiss at the sentencing hearing and concluded that the Government did not delay the trial intentionally for the purpose of seeking an unfair advantage. The court also found no prejudice arose from the delay.

Fredrick argues on appeal that the district court's denial of his motion to dismiss the indictment approved a violation of his Sixth Amendment right to a speedy trial arising from the nineteen-month delay between his original indictment and his trial. He argues that he suffered actual prejudice because his only defense witness, who was present at the scene during the relevant drug transaction, had difficulty recalling details of the incident at trial.

The Sixth Amendment provides that a criminal defendant "shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. This right attaches when a person is arrested, indicted, or otherwise formally charged. *Doggett v. United States*, 505 U.S. 647, 655 (1992). To determine whether a defendant's right to a speedy trial has been violated, the court balances four factors: 1) the length of the delay; 2) the reason for the delay; 3) whether the defendant asserted his right to a speedy trial; and 4) whether the defendant was prejudiced by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

In reviewing a speedy trial claim, this court reviews factual findings for clear error. *United States v. Molina-Solorio*, 577 F.3d 300, 303 (5th Cir. 2009). We review the district court's application of the *Barker* factors *de novo*. *Id.* at 304.

Fredrick insists that his constitutional rights are analyzed beginning with the first indictment, later dismissed, and ending with his trial under the second indictment. The constitutional right to a speedy trial attaches upon arrest, return of the indictment, or filing of the information, whichever occurs first. *United States v. Greer*, 655 F.2d 51, 52 (5th Cir. 1981). Here, the parties do not dispute that there was a nineteen-month delay before trial.

When, as in this case, more than one year has passed between indictment and trial, we "undertake[] a full *Barker* analysis, looking to the first three factors to decide whether prejudice will be presumed." *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007) (internal citations omitted). Our *de novo* review does not lead us to find that prejudice should be presumed.

Fredrick concedes that any delay attributable to the Government was not the result of bad faith but at most of negligence. Further, some of the delay resulted from the district court's taking pre-trial motions from both sides. Fredrick offers no explanation for why he waited more than nine months before filing his first motion to dismiss. The record does not reflect that he had previously asserted his right to a speedy trial.

3

In any event, Fredrick has failed to make a showing of actual prejudice. The only prejudicial effect Fredrick alleges is that one witness had trouble remembering certain facts at trial. Fredrick has offered no compelling argument that the witness's testimony was significant or would have altered the outcome of the trial.

Fredrick has failed to demonstrate that the delay adversely affected his witness's testimony such that the fairness of the trial was undermined or that his defense was impaired. *See id*.; *see Barker*, 407 U.S. at 532.

The judgment of the district court is AFFIRMED.