Joe Cisneros **GOMEZ**, Petitioner-Appellant,

v.

**Dr. George J. BETO, Director, Texas Department Of Corrections, Respondent-Appellee.**

No. 72–1671

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 14, 1972.

Joe C. Gomez, pro se.

* [1] Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Crawford C. Martin, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Joe Cisneros Gomez, a prisoner of the State of Texas, has appealed from the district court's denial of his petition for habeas corpus relief. We reverse and remand.

The appellant is attacking a life sentence which he received in Criminal District Court No. 3 of Harris County, Texas. He was convicted upon trial by jury of burglary, with two prior felony convictions alleged for enhancement of sentence. The appellant received the mandatory recidivist life sentence on May 16, 1962. The judgment was affirmed on direct appeal. Gomez v. State, Tex. Cr.App.1963, 365 S.W.2d 176.

In the court below, the appellant contended that his conviction was constitutionally infirm on three grounds:

(1) denial of assistance of counsel at his examining trial; [1]

(2) denial of effective assistance by court-appointed council at his trial; and

(3) the trial court's charge to the jury was unduly prejudicial.

We have concluded that Gomez is entitled to be granted habeas relief on his contention that he was denied effective assistance of counsel at his trial. We base our holding on the evidence adduced at the evidentiary hearing held in the state court in 1964, as well as the rest of the record.

1. Coleman v. Alabama, 1970, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, cited as authority for this contention, recently was held not to apply retroactively. Adams v. Illinois, 1972, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202.

At that hearing, Gomez testified that on the day the burglary occurred in Houston, he was in San Antonio. He testified that he gave one of his lawyers the names of his alibi witnesses, who lived in San Antonio, and that counsel not only refused to summon them for trial, but also failed even to investigate the facts of the alibi defense.

The attorney testified that he did not subpoena the witnesses because he did not believe a person could remember that long ago, and because in his opinion the state's evidence was too slight to result in a guilty verdict of the jury. Neither of the appellant's two court-appointed attorneys communicated with any of the San Antonio alibi witnesses' in any way, prior to the trial. At the evidentiary hearing three of these witnesses, including the appellant's father, testified that Gomez was in San Antonio on the date of the offense. Counsel made no effort to contact these witnesses despite the fact that they knew he faced a mandatory life sentence if convicted.

These counsel knew that Gomez had only one possible defense to the charge: that he was in another city when the crime was committed. Gomez gave one of his counsel the name of witnesses who, he said, would testify to that fact. Three witnesses did so testify at the state habeas hearing. Yet counsel did not even contact any of these witnesses, as Gomez had requested them to do.

When a defense counsel fails to investigate his client's only possible defense, although requested to do so by him; and fails to subpoena witnesses in support of the defense, it can hardly be said that the defendant has had the effective assistance of counsel. *See* Caraway v. Beto, 5th Cir. 1970, 421 F.2d 636; King v. Beto, 5th Cir. 1970, 429 F.2d 221; Chalk v. Beto, 5th Cir. 1970, 429 F.2d 225.

In this case the facts are not in dispute. The district court did not make specific fact findings on the issue of whether Gomez was denied his alibi witnesses by the nonaction of his counsel. It merely concluded that the contention "is not supported by the facts." Thus we need not go so far as to hold that fact findings of the court below were "clearly erroneous." Rule 52(a), F.R. Civ.P. We do hold that the district court erred as a matter of law in ruling that the undisputed facts failed to constitute ineffective assistance of the counsel who represented Gomez at his trial. *See* Perry v. State, 5th Cir. 1972, 456 F.2d 879; *cf.* Pennington v. Beto, 5th Cir. 1971, 437 F.2d 1281.

The judgment of the district court is reversed and the cause is remanded with directions to order the appellant discharged from custody unless the State of Texas elects, within a reasonable time to be set by the district court, to retry him on the indictment.

Reversed and remanded with directions.