Victor Jay **JORDAN**, Petitioner,

v.

Vernon G. **HOUSEWRIGHT**, Attorney General of the State of Nevada, Respondents.

No. CV–R–85–265–ECR.

United States District Court, D. Nevada.

Oct. 3, 1985.

ing. *See United States v. Rojas-Contreras,* —— U.S. ——, 105 S.Ct. 1167, 84 L.Ed.2d 319 (1985).

Victor Jay Jordan, in pro per.

Brian McKay, Atty. Gen. by Brooke Neilsen, Asst. Atty. Gen., Carson City, Nev., for respondents.

## ORDER

EDWARD C. REED, Jr., District Judge.

Victor Jordan petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Presently incarcerated in the Nevada State Prison, a jury found Jordan guilty of grand larceny, robbery with a deadly weapon, attempted robbery with a deadly weapon, battery with a deadly weapon, and carrying a concealed weapon. Jordan was sentenced to sixty-five years in prison.

In support of his petition, Jordan argues: (1) that he was denied effective assistance of counsel; (2) that his confession should not have been admitted into evidence; and (3) that the trial court failed to advise him of his right not to testify at trial. Jordan

is represented by John W. Aebi, Esq., on this petition.

Although Jordan did not request an evidentiary hearing, this Court considered those factors which would require one to be held. *See Townsend v. Sain,* 372 U.S. 293, 312–313, 83 S.Ct. 745, 756–757, 9 L.Ed.2d 770 (1963). Except as noted below, the record before this Court adequately provides the necessary information.

Jordan did not pursue a direct appeal to the Nevada Supreme Court. Jordan signed a stipulation to waive his direct appeal in order to avoid further charges for an alleged attempted escape from the Churchill County jail. Jordan's state habeas petition was denied July 10, 1984. The Nevada Supreme Court dismissed Jordan's appeal from the denial of his state habeas corpus petition as being untimely. Thus, none of the issues before this Court have ever been raised before the Nevada Supreme Court. However, at the time Jordan filed his federal habeas petition, Jordan had exhausted his state remedies because he would be effectively precluded from raising any of these issues before the Nevada Supreme Court.

Jordan argues two constitutional claims in support of his petition. He argues first, that his confession should not have been admitted into evidence, and second, that the trial court failed to advise him of his right not to testify at trial. Respondent argues that Jordan has deliberately bypassed orderly state court procedures for review of the constitutional issues he now raises and the petition should be dismissed. Respondent points to the signed stipulation as evidence of Jordan's knowing and deliberate decision to forego his direct appeal from his conviction.

■ Because Jordan's state remedies were no longer available at the time he filed his federal habeas petition, this Court may dismiss the petition without reviewing the merits only if we determine that the "habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal

claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate bypassing of state procedures ..." *Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963). This Court finds that Jordan deliberately bypassed his direct appeal. The stipulation was signed outside the thirty-day time period for the filing of a notice of appeal. However, at the evidentiary hearing on Jordan's state habeas petition, Jordan's counsel testified that the decision to waive the direct appeal was made within the thirty-day limit. Exhibit D, Tr. 40–41. The stipulation not to appeal was made in order to avoid charges of attempted escape for which Jordan would have faced the possibility of significant additional years in prison.

The transcript of the evidentiary hearing on Jordan's state habeas petition further reveals that the decision not to appeal was made after numerous consultations with his attorneys. *Id.* at 39. Jordan was an escaped prisoner from Georgia. At the time of the alleged escape he was awaiting sentencing on several felony convictions. The chance of being sentenced to substantial additional years was great. Jordan had legitimate reasons which he understood and, accordingly, deliberately bypassed his direct appeal on whether his confession should have been admitted at his trial and whether the trial court failed to advise him of his right to testify at trial. Thus, the habeas petition should be dismissed as to these claims.

Jordan next argues that his trial counsel was ineffective. He bases this argument on: (1) counsel's purported failure to investigate and prepare his case before trial; (2) counsel's advice to waive his right to directly appeal the guilty verdicts; and (3) counsel's purported failure to prepare Jordan for his sentencing hearing or to adequately represent him at the hearing.

The Supreme Court has recognized that the "right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763

(1970). The standard to determine effective assistance of counsel was recently enunciated by the Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court held that: "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.,* 104 S.Ct. at 2064. First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. *Id.* Second, the defendant must show that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant to a fair trial, a trial whose result is reliable. *Id.*

Jordan first alleges that his trial counsel, Barbara Byrne, Esq., failed to talk to potential witnesses as requested by Jordan. At the state evidentiary hearing, Ms. Byrne testified fully about her efforts on his behalf, both pretrial, during trial, and post trial. Before trial, she attempted to locate and talk with those individuals Jordan felt would support his case. Exhibit D, Tr. 53–56.

Investigation is one of the keys to effective counsel. This is especially true with respect to important witnesses. However, counsel need not pursue "every path until it bears fruit and all conceivable hope withers." *United States v. Tucker,* 716 F.2d 576, 584 (9th Cir.1983) quoting *Lovett v. Florida,* 627 F.2d 706, 708 (5th Cir.1980). *See also United States v. Parr-Pla,* 549 F.2d 660, 664 (9th Cir.1977), *cert. denied* 431 U.S. 972, 97 S.Ct. 2935, 53 L.Ed.2d 1069 (1977) (Counsel's failure to seek continuance to attempt to locate missing witness did not constitute ineffective representation, since the record indicated that at most the witness would have confirmed portions of defendant's testimony relating to a collateral issue.).

Ms. Byrne interviewed Jordan several times prior to trial. She made a pretrial motion in limine, a motion for change of venue, and successfully had one of the counts against him dismissed. Counsel's performance was neither deficient nor prejudicial to Jordan's defense.

■ Jordan next alleges that the advice to waive his direct appeal in return for no attempted escape charges being filed was incompetent. This argument is without merit. Jordan faced the threat of a significant additional sentence. Both Ms. Byrne, and his subsequent attorney, Lee Armstrong, felt that there was little merit to any of the issues he could have raised. Jordan's counsel had good reason to advise Jordan to waive his appeal.

■ Jordan's final allegation of ineffective assistance of counsel at his sentencing raises significant issues. Jordan was sentenced in Fallon, Nevada, on June 15, 1982. The court moved the sentencing date up approximately one week because of Jordan's attempted escape during the night of June 14, 1982, or in the early morning of June 15, 1982.

Jordan was found in the evidence locker of the Churchill County Sheriff's office at approximately 4:00 a.m. on the morning of June 15, 1982. He had apparently consumed quantities of both marijuana and alcohol. When Ms. Byrne attempted to speak with Jordan on the morning of June 15, 1982, the Sheriff of Churchill County refused to allow Jordan out of the padded cell he had been placed into and refused to allow Ms. Byrne into that cell. Exhibit D, Tr. 59. Counsel was forced to attempt to speak with Jordan through a one to two inch gap, provided by a chained door, while electrical work was being conducted nearby. *Id.* at 59–60. At the time counsel attempted to communicate with her client, Jordan was lying on the floor of his cell. *Id.* at 60. He appeared to be badly hungover, sick and did not understand what counsel was saying. *Id.* at 62.

It appears to the Court that Jordan may have been denied effective assistance of counsel at his sentencing. Not only may counsel's performance have been deficient, but Jordan may have been prejudiced by the inadequate performance. There was apparently no consultation between Jordan and his counsel regarding the pre-sentence report. Given the fact that the sentencing judge followed the report's recommendation, it would seem a necessity for Jordan to have understood the report. Despite the fact that counsel doubted Jordan's ability to independently read and understand the report, she agreed to proceed with sentencing. *Id.* at 89. Further, Jordan may not even have been aware of the significance of the June 15, 1982, sentencing. *See Id.*

This Court requires additional briefing on this issue by both petitioner and respondent. The parties should direct their attention to the constitutional issues of Jordan's right to effective assistance of counsel, keeping in mind the standard enunciated in *Strickland.*

IT IS, THEREFORE, HEREBY ORDERED that the petition for habeas corpus is DENIED as to all claims except whether or not Jordan was denied effective assistance of counsel at his sentencing.

IT IS FURTHER HEREBY ORDERED that petitioner and respondent shall each file contemporaneous briefs within thirty (30) days on the said issue of Jordan's assistance of counsel at sentencing. Thereafter, petitioner and respondent shall each have fifteen (15) days within which to file contemporaneous answering briefs.

As to the said remaining claim, the Court may at a later time determine to hold an evidentiary hearing, if needed. Such decision will be made after the briefs mentioned above have been filed and considered.