492 So.2d 444 (1986)
Lugene KEITH, Appellant,
v.
STATE of Florida, Appellee.
No. BL-120.
District Court of Appeal of Florida, First District.
August 5, 1986.
Lugene Keith, pro se.
No appearance for appellee.
MILLS, Judge.
Keith appeals from an order which denied his motion for post-conviction relief sought pursuant to Fla.R.Crim.P. 3.850. We affirm.
Keith entered a negotiated guilty plea to a charge of manslaughter on 19 November 1985. This plea was entered in exchange for an agreement that he would not be sentenced to a term of imprisonment in excess of 10 years. Per this agreement, Keith received a 10-year sentence.
After various other appeals, Keith filed this current motion for post-conviction relief asserting ineffective assistance of counsel. Specifically, Keith contends his guilty plea was illegally induced by his appointed counsel, as the public defender verbally assured him he could expect to be sentenced to only a three-year term. Keith further contends he was denied effective assistance by the public defender's failure to present evidence which would have constituted grounds for a lesser sentence, and by the public defender's actions in allowing derogatory statements to be made at Keith's sentencing in connection with his presentencing investigation report.
The test for determining whether a defendant's counsel has been ineffective is stated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and by the Florida Supreme Court in Knight v. *445 State, 394 So.2d 997 (Fla. 1981). These cases are in agreement and state that a defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.
The first step in carrying this burden is for the defendant to detail in an appropriate pleading the specific omission or overt act upon which the claim of ineffective assistance of counsel is based. In the present case, Keith failed to give adequate detail in connection with his charge that his trial counsel committed error by failing to present mitigating evidence inasmuch as he does not state what that evidence is. Likewise, Keith has failed to specify what derogatory statements were made at his sentencing hearing which he felt caused him bias. Without this detail it is impossible to determine whether the public defender's conduct was deficient, and if so, whether it affected the outcome of the sentencing proceeding. As a consequence, we find Keith has failed to establish a ground for relief under these two arguments. See, Smith v. Smith, 445 So.2d 323 (Fla. 1983), cert. denied, 467 U.S. 1220, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984).
As concerns Keith's contention that his plea of guilty cannot be considered voluntary due to his counsel's misrepresentations to him, we adjudge that the negotiated sentence form which Keith signed negates this argument. The form provides for a sentencing cap of ten years and not three. As stated by the Second District in Ray v. State, 480 So.2d 1300 (Fla. 2d DCA 1985): "... we perceive a difference between a `judgment call,' whereby an attorney offers an honest but incorrect estimate of what sentence a judge may impose, and a clear misstatement of how the law affects a defendant's sentence."
Affirmed.
WIGGINTON and NIMMONS, JJ., concur.