502 So.2d 494 (1987)
Billy E. SWAIN, Appellant,
v.
STATE of Florida, Appellee.
No. BM-6.
District Court of Appeal of Florida, First District.
February 11, 1987.
*495 Billy E. Swain, pro se.
Jim Smith, Atty. Gen., and Raymond L. Markey and John M. Koenig, Asst. Attys. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant's rule 3.850 motion for post-trial relief based on allegations of ineffective assistance of counsel is facially insufficient and was therefore properly denied by the lower court. Although complaining that appellant's trial counsel "failed to bring forth witnesses for the defense whose testimony would support testimony of defenses [sic] main witness," the motion does not identify the names of the omitted witnesses or why counsel's failure to call such witnesses could not be deemed a matter of trial strategy rather than professional neglect to call essential witnesses to support appellant's defenses. While we recognize that in some instances the failure to call witnesses to support a defense may be sufficient to establish a violation of the constitutional right to effective assistance of counsel, Martin v. Maggio, 711 F.2d 1273 (5th Cir.1983), cert. denied, 469 U.S. 1028, 105 S.Ct. 447, 83 L.Ed.2d 373 (1984); Garza v. Wolff, 528 F.2d 208 (8th Cir.1975); Gomez v. Beto, 462 F.2d 596 (5th Cir.1972), such allegations must be in sufficient detail to apprise the court of the names of the witnesses, substance of their testimony, and how the omission prejudiced the outcome of the trial. See Keith v. State, 492 So.2d 444 (Fla. 1st DCA 1986). In the same manner, appellant's other allegations of ineffective assistance of counsel fall far short of facially indicating that the specific omission or act complained of was a substantial and serious deficiency falling measurably below the standard of competent counsel, and that such acts or omissions were substantial enough, when considered under the circumstances of the case, to prejudice defendant to an extent likely to have affected the outcome of the court proceeding. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Johnson v. Wainwright, 463 So.2d 207 (Fla. 1985).
AFFIRMED.
SMITH, SHIVERS and ZEHMER, JJ., concur.