STONE, Judge,
dissenting.
In my judgment, the trial court did not err in denying this petition by failing to attach portions of the record or conduct an evidentiary hearing. I concur in the trial court’s conclusion that the petition, based solely on the four bare allegations, is facially insufficient. E.g., Williamson v. State, 559 So.2d 723 (Fla. 1st DCA 1990); Williams v. State, 553 So.2d 309 (Fla. 1st DCA 1989); Swain v. State, 502 So.2d 494 (Fla. 1st DCA 1987). It is undisputed that the first issue, (1), raised in the defendant’s motion for post-conviction relief was considered by the court. No fact alleged indicates that wrongdoing would be uncovered by any investigation, as suggested by the second issue, (2). Concerning the third issue, (3), an insufficient factual basis is submitted regarding what the witness would say which would support the petition. Also, insufficient facts are presented to prove that the witness was available for trial. As for the fourth issue, (4), there is no basis in the motion for concluding that the instruction was erroneous, and no explanation for the fact that an objection to the instruction was not raised, even as fundamental error, on direct appeal. I would therefore affirm without prejudice.