659 So.2d 1273 (1995)
Steven WILKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2824.
District Court of Appeal of Florida, Fourth District.
August 30, 1995.
*1274 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
SORONDO, RODOLFO, Jr., Associate Judge.
Steven Wilkins appeals his convictions for one count of armed robbery and battery on a person sixty-five years of age or older. The trial court sentenced him to life imprisonment with a minimum mandatory fifteen years as a habitual violent offender on the armed robbery and to ten years with a minimum mandatory five on the second count. The sentences were run concurrently.
Wilkins raises five points on appeal only two of which merit discussion. During the course of jury selection the state excused juror Smith, an African-American. The defense made a timely objection, identified the juror as a member of a racially distinct group and argued that the peremptory was being exercised in a racially discriminatory manner. Pursuant to the Florida Supreme Court's decision in State v. Neil, 457 So.2d 481 (Fla. 1984) the defense requested a Neil inquiry compelling the state to give a race-neutral reason for the exclusion of the juror.
The state responded that juror Smith, at the age of thirteen had been arrested and convicted for the crime of battery, essentially the same crime for which Wilkins was on trial. The court correctly ruled this to be a valid race-neutral reason. Knight v. State, 559 So.2d 327 (Fla. 1st DCA 1990); Miller v. State, 605 So.2d 492 (Fla. 3d DCA 1992); Roundtree v. State, 546 So.2d 1042 (Fla. 1989).
The appellant argues that the prosecutor's stated reason, although arguably race-neutral, was in fact pretextual because he allowed three white jurors, who had either been arrested or had close relatives arrested, remain on the jury. State v. Slappy, 522 So.2d 18 (Fla. 1988). This argument however was not made to the trial judge, consequently the court was not able to address the issue and the state was not given an opportunity to respond to the allegation of pretext.
More significantly, at the conclusion of the jury selection process the defendant accepted the jury as selected and did not repeat his objection to the exclusion of Mr. Smith from the jury. Nor did defense counsel accept the jury subject to his earlier stated objection. In Joiner v. State, 618 So.2d 174 (Fla. 1993) *1275 the Supreme Court of Florida held that in order to preserve a Neil issue for appellate review the defendant must renew his/her earlier stated objection to the exercise of the state's peremptory challenge. The court stated:
We do not agree with Joiner, however, that he preserved the Neil issue for review. He affirmatively accepted the jury immediately prior to its being sworn without reservation of his earlier-made objection. We agree with the district court that counsel's action in accepting the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection ... Had Joiner renewed his objection or accepted the jury subject to his earlier objection, we would rule otherwise. Such action would have apprised the trial judge that Joiner still believed reversible error had occurred. At that point the trial judge could have exercised discretion to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling.
In footnote 2 of the opinion the court further explained its reasoning:
Were we to hold otherwise, Joiner could proceed to trial before a jury he unqualifiedly accepted, knowing that in the event of an unfavorable verdict, he would hold a trump card entitling him to a new trial.
Because defense counsel in this case accepted the jury without objection and without reference to his earlier objection the Neil issue was not preserved for appellate review.
In his fourth point on appeal appellant argues that the court did not conduct a proper hearing before ordering restitution. We agree and reverse on this issue. On remand the trial court shall properly notice and then conduct a restitution hearing allowing the state to prove the amount due, if any, and allowing the defendant to present evidence of his inability to pay.
We have considered and reject appellant's remaining issues.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR A PROPER RESTITUTION HEARING.
POLEN and SHAHOOD, JJ., concur.