PER CURIAM.
The trial court denied the pro se motion of Antonio D’Angelis Miller (Miller) for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
Miller was convicted of possession of cocaine. The date of the offense is not clear from the record. However, it apparently occurred shortly before the date of his arrest on August 21, 1992. Miller’s instant motion was filed on May 10, 1995. The mandate issued in Miller’s direct appeal[1] on July 5, 1994.[2] Miller’s instant motion thus is timely.
Several of Miller’s claims lack merit. Miller’s motion, insofar as it alleges that his habitual offender sentence is illegal because one of his predicate offenses is possession of cocaine, is meritless. § 775.084(l)(a)l, Fla. Stat. (1991) (a defendant may be sentenced as an habitual offender if the defendant “has previously been convicted of any combination of two or more felonies in this state”). Miller fails to allege that he was not convicted of two prior felonies prior to his sentence as an habitual offender; he thus fails to allege a basis for relief on this issue.
Miller’s instant motion also alleges ineffectiveness of counsel. This court tells us:
The test for determining whether a defendant’s counsel has been ineffective is stated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and by the Florida Supreme Court in Knight v. State, 394 So.2d 997 (Fla.1981). These cases are in agreement and state that a defendant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.
The first step in carrying this burden is for the defendant to detail in an appropriate pleading the specific omission or overt act upon which the claim of ineffective assistance of counsel is based_ Without this detail it is impossible to determine whether the public defender’s conduct was deficient, and if so, whether it affected the outcome of the sentencing proceeding.
Keith v. State, 492 So.2d 444, 444-45 (Fla. 1st DCA 1986). Miller grounds his instant ineffectiveness claim in part upon counsel’s alleged failure to object to prosecutorial misconduct. This claim lacks specificity and therefore is properly denied. Knight.
*63 Miller further alleges however that counsel was ineffective in that counsel failed to object to repeated “high crime area” references regarding the area of Miller’s arrest. References to the place of a defendant’s arrest as a “high crime area” can unduly prejudice a defendant. Gillion v. State, 573 So.2d 810, 811 (Fla.1991) (holding that the identification of a location as a high crime area can be “unduly prejudicial under some circumstances, but is not always so,” and holding that the police officer’s statement that he observed cocaine transactions taking place in the area of defendant’s arrest did not constitute an identification of a location as a high crime area) (citation omitted). The instant record fails to show that such repeated references, if they indeed occurred, were harmless. Miller specifically alleges that, in view of the sparse evidence against him in this cocaine throw-down case, these references to the place of his arrest as a “high crime area” were harmful and prejudicial.
Miller furthermore alleges that his counsel disclosed to the jury that Miller was found in possession of marijuana on the night of his arrest — a crime for which Miller was not charged. Miller specifically alleges that this error prejudiced him — he recites that the jury asked a question during deliberation relating to marijuana. This specific allegation, if true, is a violation of the Williams[3] rule. The instant record fails to show that this claim lacks merit.
The trial judge summarily denied postconviction relief without attaching relevant portions of the record. See Brown v. State, 672 So.2d 661 (Fla. 1st DCA 1996) (holding that a remand is required for the trial court to either hold an evidentiary hearing on the posteonviction motion or to attach to its order denying relief without a hearing the portions of the record establishing conclusively that the defendant is entitled to no relief).
We therefore reverse and remand for either a hearing, or for record attachments showing no merit to Miller’s claims of ineffectiveness regarding allegedly repeated references to the area of Miller’s arrest as a “high crime area,” and references to Miller’s possession of marijuana — an uncharged crime.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.

. Miller v. State, 639 So.2d 985 (Fla. 1st DCA 1994) (table).

. Miller’s direct appeal raised one issue: "The trial court abused its discretion by denying appellant's motion for mistrial when the state used peremptory challenges to exclude two black jurors and was thereafter unable to give race-neutral explanations that were supported by the record.”

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959); § 90.404(2), Fla. Stat. (1995).