STONE, Judge.
We affirm an order denying, without an evidentiary hearing, Appellant’s motion for relief under Florida Rule of Criminal Procedure 3.850 and address two of Appellant’s claims of ineffective assistance of counsel, which we conclude are sufficiently rebutted by the record.
Appellant was convicted of robbery with a weapon and battery of a victim over the age of 65. He was identified by the victim and another witness as the robber, picked out of a photo lineup, again identified at trial, and his fingerprints turned up on the van that was used by the perpetrator.
An issue in Appellant’s plenary appeal from that conviction was the state’s use of a peremptory challenge to strike an African American juror who had a prior arrest, while leaving three white jurors unchallenged who had been, or had family members who had been, previously arrested. In our affirming opinion in that appeal, Wilkins v. State, 659 So.2d 1273 (Fla. 4th DCA 1995), we determined that under State v. Neil, 457 So.2d 481 (Fla.1984), the state’s use of its peremptory challenge was proper since it articulated a race-neutral motive. In that opinion, this court explained that a comparison applying the peremptory strike argument from State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, Florida v. Slappy, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), had not' been preserved for appeal because defense counsel failed to argue to the trial court that the state had retained white jurors with the same allegedly race-neutral background as that of the stricken minority juror. We also recognized that counsel had accepted the jury without preserving that objection. Appellant here asserts that trial counsel was ineffective for failing to raise the additional argument and preserve the issue.
Appellant also claims that trial counsel was ineffective for failing to depose two potential defense witnesses — Tanya Byrd and Vincent Pierce. Appellant claims that his fingerprints got on the van when he helped a friend, Tanya Byrd, free the van which was stuck in the sand. Appellant claims that Ms. Byrd would have corroborated his testimony, and that the owner of the van, Vincent Pierce, would have testified that he gave Ms. Byrd permission to use the van.
With regard to the jury selection issue, the explanation that the challenged juror had previously been prosecuted for a battery is clearly race-neutral where one of the charges involves a battery. Appellant has not shown that other members of the panel shared such a relevant history notwithstanding that they may have also had prior unrelated arrests. It was sufficient for the court to incorporate a copy of the state’s response into its order since the relevant portion of the transcript was attached to that response as an addendum. We are, therefore, able to review the portions of the record considered by the court. Although the court did not recite the details of the other jurors’ arrest histories on the record, the record reflects that the court clearly decided that the circumstances of the stricken juror’s arrest were unique. This is sufficient rebuttal to Appellant’s claim. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Next we consider the claim that counsel’s failure to investigate the witnesses is ineffective assistance. Appellant has failed to show that the potential witnesses were available, that the content of their potential testimony was known to counsel, or how their testimony is exculpatory as to his commission of the crime. Even if potential witnesses could explain the existence of Appellant’s fingerprint on the van, the failure to depose these witnesses did not prejudice Appellant such that the trial was unfair, especially considering that the state’s expert acknowledged that there were many potential explanations as to how the prints could have been placed on the van and that it was not possible to tell *959 when they were made. In short, Appellant has failed to demonstrate that there was a substantial, serious, and prejudicial omission falling measurably below the standard of competent counsel. E.g., Strickland; Johnson v. Wainwright, 463 So.2d 207 (Fla.1985); Swain v. State, 502 So.2d 494 (Fla. 1st DCA 1987).
As to the other issues raised, we also find no error.
GUNTHER, C.J., and GROSS, J., concur.