PER CURIAM.
Appellant challenges the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without discussion the denial of most of appellant’s claims, but reverse and remand for further consideration of appellant’s claim that his trial counsel affirmatively misadvised him as to the probable length of sentence he would receive if he pled to violating the conditions of his probation.
Appellant pled nolo contendere to violating the terms of his probation and was sentenced to two concurrent terms of ten years’ imprisonment. He alleged in his 3.850 motion that prior to the revocation hearing at which he pled, his trial counsel had advised him that if he admitted to the violations, he either would be restored to probation or would receive only one year in the county jail. Appellant alleged in his motion that absent counsel’s misadviee, he would not have entered his plea to the violations. These allegations sufficiently allege a colorable claim of ineffective assistance of counsel. See, e.g., Little v. State, 673 So.2d 151 (Fla. 1st DCA 1996); Eady v. State, 604 So.2d 559, 561 (Fla. 1st DCA 1992). Because the only record excerpt attached to the trial court’s order denying relief does not conclusively refute this claim, we reverse and remand either for attachment of record excerpts conclusively refuting the claim or for an evidentiary hearing.[1]
MINER and WOLF, JJ„ and SHIVERS, Senior Judge, concur.

. The trial court attached to its order denying relief only a copy of appellant’s original 1991 plea agreement which had resulted in the probationary split sentence that appellant violated. Record excerpts showing the terms of appellant's 1994 plea to violating the conditions of his probation may refute his claim as they would show whether appellant was made aware prior to the entry of that plea that his maximum incarcera-tive exposure for the violations exceeded one year in the county jail. See Keith v. State, 492 So.2d 444, 445 (Fla. 1st DCA 1986).