PER CURIAM.
This is the second appeal of the denial of appellant’s motion for post-conviction relief, filed pursuant to rule 3.850 of the Florida Rules of Criminal Procedure. The motion raised several grounds for relief, all of which were denied by the trial court. A different panel of this court affirmed the trial court’s ruling in all respects except appellant’s allegation “that his trial counsel affirmatively misadvised him as to the probable length of sentence he would receive if he pled to violating the conditions of his probation.” See Thames v. State, 702 So.2d 1368 (Fla. 1st DCA 1997). On remand, the trial court again denied appellant’s motion for post-conviction relief, and attached a copy of the probation hearing transcript to the order. We reverse.
A claim that a defendant entered a plea of no contest based on the erroneous advice of counsel is cognizable in a rule 3.850 motion for post-conviction relief. See State v. Leroux, 689 So.2d 235, 236 (Fla.1996); Bond v. State, 695 So.2d 778, 779 (Fla. 1st DCA 1997). Relief may be summarily denied if the record conclusively refutes such claim. Leroux, 689 So.2d at 236.
Appellant in this case alleged his counsel told him that if he pled nolo conten-dere to the violation of probation charge, the trial court would go along with the probation officer’s recommendation of a one-year sentence in the county jail. Instead, the trial court imposed a 10-year sentence. Appellant further contended that he would not have entered the plea of nolo contendere, if he had not been misled by counsel with regard to the length of sentence the trial court would impose. Appellant requested the trial court to allow him to withdraw his earlier plea of nolo contendere.
In denying the motion, the trial court apparently relied upon the transcript attached to the order. However, there is nothing in the transcript to conclusively refute appellant’s allegation that his lawyer assured him that the trial court would impose sentence in accordance with the probation officer’s recommendation. Since the portions of the record furnished by the trial court do not conclusively refute appellant’s claim, we must reverse.
Accordingly, the order denying post-conviction relief is reversed, and the case is remanded with directions to hold an eviden-tiary hearing on appellant’s ineffective assistance of counsel claim as to his counsel’s alleged advice concerning the sentence the trial court was likely to impose.
JOANOS, KAHN and DAVIS, JJ., CONCUR.