PER CURIAM.
Defendant, Carl Donald Reed, pled guilty to burglary of a dwelling with an assault or battery, robbery and grand theft. He entered his plea pursuant to a plea agreement that allowed for a sentence not to exceed 40 years. He was sentenced in accordance with the agreement to a total term of 40 years. Defendant claims in his Rule 8.850 motion that his counsel was ineffective. Although most of Defendant’s claims were properly denied as legally insufficient, we find that the trial court erred in summarily denying Defendant’s claim that his counsel was ineffective for failing to investigate and present mitigating evidence regarding his medical and psychological problems.
Defendant alleges that he had been involved in several automobile accidents and *141 assaults in the years before he committed the crimes in question and had also attempted suicide. In fact, he claims that he was released from a mental health facility after a suicide attempt just the day before committing these crimes. As Defendant’s motion was denied without a hearing, these allegations must be accepted as true unless rebutted by the record. See Arbelaez v. State, 775 So.2d 909 (Fla.2000); Occhicone v. State, 768 So.2d 1037 (Fla.2000).
In Asay v. State, 769 So.2d 974 (Fla.2000), the Florida Supreme Court held that counsel may be ineffective for failing to investigate mitigating circumstances where substantial mitigating evidence could have been presented. See also State v. Riechmann, 777 So.2d 342 (Fla.2000) (concluding that counsel has strict duty to conduct reasonable investigation in capital cases to find mitigating evidence). Nonetheless, the State argues that the supreme court rejected a similar claim in Patton v. State, 784 So.2d 380 (Fla.2000). The defendant in Patton claimed that his counsel should have sought a competency hearing, but the court found that absent allegations of any abnormal behavior which would have put counsel on notice of his client’s possible incompetency, there was no basis to find that counsel was ineffective. However, this case is distinguishable from Patton because Defendant has alleged that the discovery materials available to his counsel revealed his recent release from a mental health facility which should have been sufficient to put counsel on notice to investigate. Furthermore, Defendant’s plea agreement provided for a maximum sentence, allowing for the possibility of a lesser sentence if mitigating evidence was presented. Under these circumstances, Defendant’s claim was facially sufficient. Therefore, we reverse the trial court’s order on this ground only and remand to either attach portions of the record to refute Defendant’s allegations or to hold an evidentiary hearing.
AFFIRMED IN PART AND REVERSED IN PART.
COBB, SAWAYA and PLEUS, JJ., concur.