BENTON, J.
The trial court erred in denying a motion for post-conviction relief Linda Dyanne Thomas filed under Florida Rule of Criminal Procedure 3.850, but only insofar as the motion was denied without an evidentiary hearing on the question of whether her trial counsel provided ineffective assistance at the sentencing hearing. See Fla. R.App. P. 9.141(b)(2)(D) (“On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.”).
Although the motion for post-conviction relief asserts in passing that the written sentencing order “failed to conform with the oral order of the trial court,” this ground was not squarely presented below or ruled on by the trial court, and has not been reached on appeal.
The motion for post-conviction relief does, however, identify with particularity “submissions and evidence ... that are relevant to the sentence,” Fla. R.Crim. P. 3.720(b), allege that they were known to trial counsel, and aver that their omission “resulted in actual prejudice ... concerning the sentence entered.” Because the record does not conclusively refute these allegations, an evidentiary hearing is required. See Cherry v. State, 659 So.2d 1069, 1074 (Fla.1995); Reed v. State, 795 So.2d 140, 140—41 (Fla. 5th DCA 2001); cf. Keith v. State, 492 So.2d 444, 444-45 (Fla. 1st DCA 1986).
Accordingly, the Order Denying Defendant’s Motion to Strike and for Post-Conviction Relief is reversed insofar as it denied the claim of ineffective assistance of counsel at the sentencing hearing, and the case is remanded for an evidentiary hearing on that claim. In all other respects, the Order Denying Defendant’s Motion to Strike and for Post-Conviction Relief is affirmed.
BROWNING and POLSTON, JJ., CONCUR.